IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN PUCKETT (TDCJ No. 2229124), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-1281-L-BN |
| THE STATE OF TEXAS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jonathan Puckett, a Texas prisoner, filed a *pro se* civil rights action against the State of Texas, the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ"), Dallas County, and a state judge, requesting injunctive relief and monetary damages related to alleged deficiencies in his state criminal proceedings. *See* Dkt. No. 3.

His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The Court has granted Puckett leave to proceed *in forma pauperis* under the Prison Litigation Reform Act.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action "with prejudice to [the claims raised in the complaint] being asserted again until the *Heck [v. Humphrey*, 512

U.S. 477 (1994)] conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

## Applicable Background

Puckett was indicted for aggravated assault on a public servant, a first-degree felony. He pleaded *nolo contendere*. And, on May 30, 2017, he was sentenced to 12 years of imprisonment. *See State v. Puckett*, No. F14-61028-K (Crim. Dist. Ct. No. 4, Dallas Cnty. Tex.). There was no direct appeal. The Texas Court of Criminal Appeals denied without written order his request for state habeas relief. *See Ex parte Puckett*, WR-87,314-01 (Tex. Crim. App. Mar. 21, 2018); *see also Ex parte Puckett*, No. W14-61028-K(A) (Crim. Dist. Ct. No. 4, Dallas Cnty. Tex.). And his request for federal habeas relief under 28 U.S.C. § 2254 is pending before another judge of this Court. *See Puckett v. Davis*, No. 3:18-cv-1055-B-BT (N.D. Tex.).

## Legal Standards and Analysis

Through his civil rights complaint, Puckett alleges deficiencies in his state criminal proceedings. *See, e.g.,* Dkt. No. 3 at 4 ("Multiple times throughout the court process, I requested mental health assistance, counsel, and experts, even seeking to change plea to a mental health plea, and was continuously denied by the Judge, and the States attorney, and the County seat and State both receive federal funding and should have allowed my access to that program, but did not do so because of my extensive history of mental health disorders, going as far back as to omit any mental health referrals or statements from the trial completely."). And, to the extent that he brings this suit against those who have custody of him, his claims against those

defendants are derivative of the alleged state-criminal-proceeding deficiencies. *See id.* at 7 ("That the State of Texas Attorney Generals Office, and Lorie Davis TDCJ director, have both been aware of these violations and have taken no steps to correct them.").

As the history of Puckett's post-conviction proceedings set out above reflects, his civil rights claims are based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that he fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court and should therefore be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

For these reasons, Puckett's claims are currently *Heck* barred and therefore frivolous.

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE